IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARCELINE HOPE ENGLER                                    PLAINTIFF

v.                            CIVIL NO. 26-5090

THE SALVATION ARMY                                       DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Marceline Hope Engler, ("Engler"), filed this action alleging that The Salvation Army violated the law by segregating bathrooms. (ECF No. 1, p. 4). Engler proceeds *pro se* and *in forma pauperis* ("IFP").  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 7) under 28 U.S.C. § 1915(e)(2).

### I.    BACKGROUND

Engler filed her original Complaint on April 24, 2026. (ECF No. 1).  By Order dated April 28, 2026, the Court granted Plaintiff's motion to proceed IFP and directed Plaintiff to file an Amended Complaint. (ECF No. 6). Plaintiff filed her Amended Complaint on May 19, 2026. (ECF 7). In her Amended Complaint, Engler alleges that The Salvation Army violated the Civil Rights Act and the Fair Housing Act by segregating bathrooms. (ECF No. 7, p. 4).

### II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## III.    DISCUSSION

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "[F]ederal question jurisdiction .

2

. . grants federal district courts 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Ltd.*, 843 F.3d 325, 328 (8th Cir. 2016). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue sua sponte. *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

The Salvation Army is a charitable organization which was founded in England and operates internationally including in the United States of America, where it is headquartered in Alexandria, Virginia.[1] Therefore, it may be considered a citizen of another state. However, Engler has not alleged a sufficient amount in controversy to establish diversity jurisdiction under 28 U.S.C. § 1332.

Federal question jurisdiction requires that the civil action arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Reading the Amended Complaint broadly, it appears that Engler believes she has been unlawfully discriminated against because The Salvation Army segregated bathrooms and put her on a do not admit list.

The Civil Rights Act of 1964 does entitle all persons to full and equal enjoyment of any place of public accommodation without discrimination or segregation on the ground of race, color, religion, or national origin.  42 U.S.C. § 2000a. However, it does not extend those protections to sex, gender, or gender identity. Title VII of the Civil Rights Act of 1964 does protect people from discrimination based upon their sex, but only in relation to employment. However, Engler does

---

1 https://www.salvationarmyusa.org/about-us/ (Accessed May 19, 2026).

not allege discrimination in the context of work or employment but rather in public accommodations.

Engler also suggests that her claim arises under 42 U.S.C. § 3602 et seq., the Fair Housing Act ("FHA"). § 3604 of the FHA prohibits discrimination in the sale or rental of a "dwelling" on the basis of sex. However, the Amended Complaint is silent as to the nature of the housing relationship between Engler and The Salvation Army. Assuming she was housed at a Salvation Army homeless shelter, the Amended Complaint states the shelter is in Bentonville, but does not explain how long Engler stayed. Thus, the Court cannot begin to analyze whether such housing qualifies as a "dwelling" under the FHA. See 42 U.S.C. § 3602(b) ("'Dwelling' means any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more familied, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof.").

Furthermore, as discussed in *Engler v. The Salvation Army*, No. 5:25-CV-5203, 2026 WL 35250, at *1 (W.D. Ark. Jan. 6, 2026), courts around the country disagree about whether homeless shelters qualify as "dwellings" under the FHA. As in her previous case, Engler's Amended Complaint is devoid of relevant facts that could assist this inquiry.

### IV.   CONCLUSION

For these reasons, it is recommended that Engler's case be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

**Status of Referral: Entry of this Report and Recommendation terminates the referral.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 20th day of May 2026.


/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

5